255 A.2d 723.

WORTHINGTON AIR CONDITIONING CO. *vs.* LINCOLN & LANE CO. *et al.*

JULY 17, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. This is an appeal from a final judgment entered in the superior court pursuant to the decision of a justice of said court denying and dismissing the plaintiff's motion for summary judgment and granting that of the defendant. The facts out of which the litigation arose are not in dispute and may be readily stated.

On October 8, 1965, defendant Lincoln & Lane Co. entered into a contract with the city of Cranston for certain air conditioning work in the city hall. The plaintiff, Worthington Air Conditioning Co., sold and delivered to Lincoln & Lane Co., air conditioning equipment to be used on that project. Lincoln & Lane Co. has never paid for said materials, and on May 9, 1967, was adjudicated bankrupt.

In connection with the execution of the October 8, 1965 contract, Lincoln & Lane Co., as principal, and defendant Aetna Insurance Co., as surety, filed a Labor and Material Payment Bond indemnifying the city of Cranston, as owner, in the amount of $22,500. This bond is in general common law form and contains no notice requirements applicable to the present plaintiff, but provides in part:

> "WHEREAS, Principal has by written agreement dated October 8, 1965 entered into a contract with Owner for air conditioning work at Cranston City Hall, Cranston, R. I. * * * *which contract is by reference made a part hereof, * * *.*" (emphasis ours)

The bond further acknowledges:

> "Note: This bond is issued simultaneously with another bond in favor of the owner conditioned for the full and faithful performance of the contract."

The plaintiff commenced the present action against both defendants alleging in its complaint that it had met the requirements of the bond, and seeking relief thereunder.

An examination of the record discloses that although the Labor and Material Payment Bond itself is in evidence, neither the contract between the city of Cranston and Lincoln & Lane Co., nor the Performance Bond were included.

Since, apart from plaintiff's contentions relative to the correctness of the trial justice's decision, a final determination of plaintiff's case might well rest upon the contents of the absent documents, this court refrains from further considering the cause or rendering a decision that might well prove advisory in nature. Accordingly, the parties are ordered to supplement this record with the absent documents, and may file additional briefs if in the judgment of counsel such additional briefs are desirable.

*Winograd, Winograd, & Marcus, Allan M. Shine,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, William P. Thornton, Jr.,* for defendants.