261 A.2d 853.

WORTHINGTON AIR CONDITIONING CO. *vs.*
LINCOLN & LANE CO. *et al.*

FEBRUARY 11, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action predicated on a Labor and Material Payment Bond. It was heard by a Superior Court justice on the plaintiff's motion for summary judgment and the defendant Aetna Insurance Company's cross motion. From a final judgment accordingly entered, the plaintiff seasonably appealed to this court.

The pleadings establish that plaintiff, as subcontractor under a written agreement with Lincoln & Lane Co. as principal contractor, furnished air conditioning equipment to

the value of $5,008.01, which was used by said principal contractor in connection with work performed in the Cranston City Hall, under a contract for such work between the City of Cranston and the principal contractor. The plaintiff, having never been paid for the material thus furnished, commenced the instant action against Lincoln & Lane Co. and Aetna Insurance Company as principal and surety respectively on the bond to which reference has been previously made.[1]

In its complaint, plaintiff, alleging that it was a claimant as defined by the terms of the Labor and Material Payment Bond on which Aetna was surety, further alleged that it was entitled to be paid by Aetna by reason of paragraph 2 of said bond, which paragraph provides:

"2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit."

Aetna, answering, set up as a defense, in essence, that plaintiff was not a claimant within the meaning of the bond

---

[1]An examination of plaintiff's complaint discloses that there is no allegation of non-payment, but no issue is made of this by defendant Aetna, and for the purposes of the instant appeal, we take it as established that plaintiff was never paid. Further, Lincoln & Lane Co., principal on the bond in issue, was adjudicated a bankrupt prior to the commencement of the instant action, and the trustee in bankruptcy entered his appearance in the instant action seeking, and apparently obtaining, a stay of these proceedings as against his bankrupt, although the record before us does not indicate that the trustee's plea of bankruptcy was ever considered in the Superior Court. In any event, the case was adjudicated without regard to Lincoln & Lane Co. as a named defendant.

in that the bond was given to the City of Cranston as required by G. L. 1956, §37-13-13, as amended by P. L. 1965, chap. 77, sec. 1.[2]  That it was not a claimant, Aetna further alleges, results from plaintiff's failure to file with the city treasurer of the City of Cranston, and within the time required, written statements describing charges incurred for labor and materials furnished as well as its failure to file a written claim setting forth the items of labor or materials furnished, all as required by and pursuant to §37-12-2 and §37-12-10, as amended.  (See Appendix for sec. 2 of chap. 12 of title 37, and for sec. 10 of said chapter and title as amended by sec. 1 of chap. 183 of P. L. 1961.)

However, in its complaint, plaintiff alleges that it gave all written notices required to be given pursuant to the terms and conditions of the bond, but did not allege that it had complied with the notice requirements of §37-12-2 and §37-12-10, as amended.

On this state of the pleadings, plaintiff, invoking Rule 56 of the Superior Court Rules of Civil Procedure, filed a motion for summary judgment on the issue of Aetna's liability on the bond described in plaintiff's complaint.

Aetna filed a cross motion for summary judgment on the ground that, as a matter of law, defendant did not undertake to pay plaintiff since plaintiff did not comply with §37-12-2.

Neither party filed supporting affidavits and the Superior

---

[2]This amendment became effective May 7, 1965, and the contract between the City of Cranston and Lincoln & Lane Co. was entered into on or about October 8, 1965. Said amendment provides:

"The state or any city, town, agency or committee therein awarding such contracts for public works shall require the contractor awarded a contract with a contract price in excess of one thousand dollars ($1 000) for public works to file with the proper authority good and sufficient bond with surety furnished by any surety company authorized to do business in the state, conditioned upon the faithful performance of the contract and upon the payment for labor performed and material furnished in connection therewith, such bond to contain the terms and conditions set forth in chapter 12 of this title, and to be subject to the provisions of that chapter."

Court justice, in passing on their motions, concluded that, as to the question of notice, a genuine issue of a material fact might be said to exist, as a consequence of which he felt that he was required to deny each motion without prejudice. However, anticipating that the record would hereafter be so supplemented as to raise a pure question of law as to Aetna's liability, the Superior Court justice proceeded to consider the arguments advanced by the parties in support of plaintiff's contention that the bond filed by Aetna was common law in form on the one hand, and Aetna's contention that it was given in accordance with the requirements of the cited statutes on the other.

On an analysis of the cases on which plaintiff relied as well as those on which Aetna relied, and the statutes of the respective states vis-á-vis the provisions of the Rhode Island statutes, the Superior Court justice held that, by the enactment of §37-12-2 as made applicable to municipalities by §37-13-13, as amended, the General Assembly had mandated as public policy that, for plaintiff to recover on the Labor and Material Payment Bond given by Aetna, it was essential for plaintiff to have complied with the statutory provisions regarding notice.

Subsequently, both parties again moved for summary judgment, plaintiff stipulating that it had not complied with the statutory notice provisions. These motions were considered by the same justice and, the record now establishing no issue of fact to be litigated, said justice entered an order denying plaintiff's motion and granting that of Aetna. Thereupon, plaintiff seasonably appealed.

Although the decision on which the Superior Court justice based the appealed order carefully and exhaustively sets forth the reasoning on which it is based, we deem unnecessary any discussion thereof, in light of what we consider to be a dispositive development. When plaintiff's appeal was considered by this court, it was discovered that the contract

between the City of Cranston, as owner, and Lincoln & Lane Co., as principal contractor, had never been made part of the record. Since the bond on which the action is predicated expressly incorporates, by reference, the terms and conditions of said contract, we concluded that the ends of justice would best be served by refraining from a consideration of the question raised until the record had been supplemented by the contract in question.

Clearly, if the contract expressly called for the giving of a bond conformable to the provisions of the applicable statutes, a decision of this court, based on the law as interpreted by the Superior Court justice, might well be tantamount to an advisory opinion, which, moreover, might conceivably be inapposite to the circumstances of the instant case. We therefore entered an order calling on the parties to supplement the record by the inclusion of the contract in question. See *Worthington Air Conditioning Co.* v. *Lincoln & Lane Co.*, 106 R. I. 67, 255 A.2d 723.[3]

After our order in the aforecited case had been filed, the absent documents were added to the record. An examination of the contract between the City of Cranston and Lincoln & Lane Co. discloses the following provision:

> "The Contractor hereby agrees to abide by and comply with the applicable terms and provisions of Chapter 3580 of the Public Laws of 1955. Without limiting the generality of the foregoing, the following sections of said Chapter 3580 are hereby inserted in this Contract in accordance with the provisions of Section 7 of said Chapter 3580."

Said P. L. 1955, chapter 3580 is the precursor to chapter 13 of title 37 of G. L. 1956, and section 13 of both said chapters expressly requires the contractor, to whom a public works contract is given, to furnish a labor and material bond

---

[3] Our order also called for the inclusion in the record of a Performance Bond referred to in the Labor and Material Payment Bond as having been given simultaneously with the latter. However, said Performance Bond is found to be without materiality.

which shall *"contain"* (emphasis ours) the terms and conditions of now chapter 12 of title 37.[4]

Section 7, chapter 3580 of P. L. 1955, and its successor section 8, chapter 13 of title 37 of G. L. 1956, as amended, expressly provide that in every public works contract there shall be *"inserted"* (emphasis ours) certain provisions spelled out in sections 1 through 6 of chapter 3580 of P. L. 1955, and sections 5 and 6 of chapter 13, title 37 of G. L. 1956, as amended, respectively.

Admittedly, section 8, chapter 13 of title 37 of G. L. 1956, as amended, requires fewer provisions of said chapter to be *inserted* in public works contracts than were required by section 7, chapter 3580 of P. L. 1955, to which chapter reference is made in the contract between the City of Cranston and Lincoln & Lane Co. However, this difference regarding the provisions to be *inserted* is not material here. Suffice it to say that there are inserted in said contract the provisions required by P. L. 1955, chapter 3580, section 7; further evidence, in our judgment, that the contract in question was given to Lincoln & Lane Co. on the condition that it furnish a Labor and Material Payment Bond as required by section 13, chapter 3580 of P. L. 1955, now section 13, chapter 13 of title 37 of G. L. 1956, as amended, which, in turn, made said bond subject to chapter 12 of title 37.

After the contract had been added to the record as directed by us, plaintiff filed a supplemental brief. Our attention is directed therein to the fact that the legislature, by the enactment of section 8, chapter 13, title 37 of G. L. 1956, as amended, explicitly requires that certain provisions of said chapter 13 be *inserted* in every public works contract, and that bonds furnished in connection with the giving of such contracts *contain* the provisions of chapter 12, title 37

---

[4]General laws 1956, Title 37, c. 12 et seq. was formerly chapter 79 of G. L. 1938, as amended, and it is to this latter cited chapter that P. L. 1955 chapter 3580, section 13 refers. However. section 13. chapter 13 of G. L. 1956, as amended, refers to chapter 12 of title 37 of G. L. 1956, as amended.

of G. L. 1956, the notice provisions of which, plaintiff concedes it did not comply. From this, plaintiff argues, in essence, that by resorting to the word "contain" in relation to the bonds furnished by contractors and their sureties, as distinguished from the use of the word "insert" as related to what must be expressly stated in the contract, the general assembly evinced an intention that bonds, furnished in connection therewith, need not of necessity be given subject to the provision of the statute. With this we are unable to agree.

If a situation be assumed whereby Aetna was defending on the proposition that it was not liable for the reason that by not referring to chapter 12, title 37 of G. L. 1956, it was not bound by the provisions of that statute, this court would have little hesitancy in rejecting such a proposition. The bond on which it is surety expressly provides for incorporation by reference of the conditions set forth in the contract to which the bond relates. As heretofore noted, a condition in the contract given to Lincoln & Lane Co. was that the contractor would furnish a bond conformable to statutory requirements. Hence, if Aetna could not successfully escape obligations imposed by the statute, it should not be held to lose whatever benefits inure to it by reason thereof.

We hold, therefore, that the benefits of the Labor and Material Payment Bond, on which plaintiff predicates its claim, could be invoked by it only if there were compliance with the notice requirements of §37-12-2. Not having so complied, the plaintiff's motion for summary judgment was properly denied and that of Aetna granted.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

## APPENDIX

37-12-2. Persons Entitled To Benefit Of Bond—Statement Of Claims—Time Of Filing.—Every person that shall have performed such labor and every person that shall have

furnished such labor or materials or both or that shall have furnished such equipment shall, if unpaid therefor, be entitled to the benefit of the bond, as hereafter in this chapter provided, as a creditor under the bond, (hereafter in this chapter referred to as "creditor"): provided, however, that any such person furnishing labor, materials or equipment as aforesaid, for which payment has not been made to such person, can be a creditor under the bond, and entitled to the benefit thereof, only as to such items of charges for labor or materials furnished or for the use of equipment as shall be described in written statements, each of which shall cover charges incurred during a period of not more than one (1) month and shall be delivered to the contractor and the respective department within two (2) weeks after the end of said period and which shall set forth clearly the items of labor, materials or equipment; when and to whom they were furnished and for the performance of what contract with the respective department; the charges made for them respectively; the payments received therefor; and the name and address of the furnisher thereof; and sending such a statement by registered or certified mail, addressed to the contractor at his post office address, (which he shall be required to file with the respective department), or addressed to the respective department at its office, shall be equivalent to delivery to the contractor or to the respective division as the case may be; and provided, further, that any such person can be a creditor under the bond, and entitled to the benefit thereof, only as to such labor, materials or equipment for which payment has not been made to said person, and up to such sum of money, as shall be set forth in a written claim, which shall be in a form prescribed by the respective department and verified by affidavit and shall set forth clearly the items of labor performed or furnished, or of materials or equipment furnished, and not paid for to the claimant; when and for whom said items were performed or furnished and for the performance of what contract with the respective department, the charges made for them respectively and how much remains unpaid of such charges; and the name and address of the claimant; and such claim must be filed with the respective department within sixty (60) days after the date of final settlement. That date for the purposes of this

chapter shall be the date when the work covered by the contract shall have been completely performed by the contractor and accepted by the respective department or shall have been abandoned by the contractor before its completion or shall have been taken away from the contractor by action of the respective department, by reason of breach of the contract by the contractor, and said respective department shall have determined the final amount which is due the contractor for the complete performance of said work or which would be due the contractor if all the creditors under the bond had been paid in full.

37-12-10. Notices.—Whenever notices are required to be filed under the provisions of this chapter the creditor in the case of a contract with the state shall file such notices within the time prescribed in §37-12-2 with the particular department or other political subdivision that entered into the original contract and in the case of a city such notices shall be filed with the city treasurer and in the case of a town with the town treasurer regardless of the department or political subdivision of the city or town that entered into the original contract.

*Winograd, Winograd & Marcus, Allan M. Shine,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, William P. Thornton, Jr.,* for Aetna Insurance Company, a defendant.