In the Matter of Proving the Last Will and Testament of GEORGE W. PARSONS, Deceased, as a Will of Real and Personal Property.— Decree of the Surrogate's Court of Westchester county, denying probate, affirmed upon the opinion of the surrogate [See 119 Misc. Rep. 26], with costs to the contestants payable out of the estate. Rich, Kelly, Manning and Young, JJ., concur; Blackmar, P. J., dissents with the following memorandum: To revoke a will by other than a testamentary act with the formalities prescribed by law,† two things must coincide, first, a physical act, either burning, tearing, canceling, obliterating or destroying; second, the intent to revoke. Whether the physical act is within the statute, i. e., in this case whether the will was canceled, must be determined without regard to the meaning of the words written upon it. Suppose something else, not expressing an intent to revoke, had been written on the will; such words would have been just as effective to cancel the will as those written by the testator on the present will, and the will would have been revoked if the intent was shown by evidence aliunde. I think the defect in the reasoning of the majority is to take the proof of the intent as proof of the physical act.

JOHN J. BELLMAN, Respondent, v. STANDARD MATCH COMPANY, Appellant.— Order granting plaintiff's motion to strike out the second affirmative defense reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. No opinion. Blackmar, P. J., Rich, Kelly, Manning and Young, JJ., concur.

MARY BISTANY, Respondent, v. WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Manning and Young, JJ.

---

* See Decedent Estate Law, art. 3, as amd.— [REP.
† See Decedent Estate Law, §§ 21, 34.— [REP.