In the Matter of the Estate of HENRY KUNTZ, Deceased.

Surrogate's Court, Kings County, June 25, 1931.

*Stanley Bogart,* for the petitioner.

*Joffe & Joffe,* for Rae E. Schenkman, contestant.

*Horace G. Marks,* for Charles Kuntz and Abraham M. Kuntz, contestants.

WINGATE, S. The question here presented for determination concerns the propriety of probate of a will admittedly originally validly executed, which when produced showed testator's signature and those of the witnesses crossed out, and the following written below: " I cancel this my last will and testament as I desire to die intestate. Dated Nov. 15/29 Henry Kuntz. L. S."

It was testified on the hearing that the signature at the end of this statement was in testator's handwriting and it is apparent that the entire sentence was written by the same hand.

The pertinent enactment bearing upon the question is section 34 of the Decedent Estate Law which reads as follows: " Revocation and cancellation of written wills. No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses."

As the foregoing statement is not attested, it is obvious that, standing by itself, it cannot effect a revocation of the will. (*Matter of Akers,* 74 App. Div. 461; affd., 173 N. Y. 620.)

It is unquestionable, however, that the lines drawn across the signatures amount to an obliteration and the fact of the accomplishment of this act by the testator and the requisite revocatory intent are established beyond question by his own writing and signature.

It must, therefore, be held that the testator himself accomplished an obliteration with intent to revoke the will, within the terms of the statute and probate must be denied. (*Matter of Parsons,* 119 Misc. 26; affd., 204 App. Div. 879; affd., 236 N. Y. 580; *Matter of Barnes,* 76 Misc. 382; *Matter of Cronin,* 124 id. 848.)

Enter order on notice accordingly.