In the Matter of the Probate of the Will of JOSEPH S. WEINBERGER, Deceased.

Surrogate's Court, Kings County, October 1, 1954.

*Benjamin E. Winston* for Jacob Weinberger, proponent.

RUBENSTEIN, S. Petitioner has propounded two instruments purporting to be wills of the decedent. One, dated November 16, 1948, is attested by two witnesses, the other, dated the —— day of December, 1950, is unattested. The earlier instrument is written on decedent's printed letterhead. Both instruments have been proven to be entirely in the handwriting of the decedent and found among his personal effects.

The proof establishes that decedent, for many years and until his death, was a practicing attorney at law, residing in this county, and competent to make a will; that the earlier will was duly executed in conformity with section 21 of the Decedent Estate Law and free from restraint. An examination of this instrument reveals that diagonally across its first page, and the top of the second page above decedent's signature is written the word " Cancelled " followed by " Joseph S. Weinberger ". Lines have been drawn through the signature of the decedent following the *testimonium* clause and lines have also been drawn through the names of the attesting witnesses below the attestation clause and across such signatures is written " Cancelled

Jos. S. Weinberger ''. Perpendicular lines have also been drawn through the signature of the decedent at the bottom of the first page of the propounded instrument. The testimony establishes that the word '' Cancelled '' wherever it appears is in the handwriting of decedent and that the signatures following such words are the signatures of decedent.

The court holds that such facts clearly establish decedent's intention to revoke the earlier instrument and that it has been effectively revoked in conformity with the provisions of section 34 of the Decedent Estate Law (*Matter of Parsons,* 119 Misc. 26, affd. 204 App. Div. 879, affd. 236 N. Y. 580).

The later instrument, also entirely in the handwriting of the deceased, was signed by him at the end thereof. Decedent wrote the usual attestation clause below his signature, but did not cause the same to be attested. Decedent's secretary testified that at no time in and about the date of the instrument did testator leave the State, and that for many years before, thereafter and until his death, he was a resident of this county.

This instrument will be denied probate for failure of due execution as required by statute. The alternative relief is granted as requested. Letters of administration will issue to the petitioner upon qualifying according to law.

Proceed accordingly.