In the Matter of the Probate of the Will of Mary A. Mulligan, Deceased. Josephine M. Skramko, Appellant; Marion T. Horan et al., Respondents.

Third Department, November 30, 1972.

*Albert L. Lawrence* (*Charles E. Crandall, Jr.,* of counsel), for appellant.

*John E. Casey* for respondents.

HERLIHY, P. J.  This is an appeal from a decree of the Surrogate's Court of the County of Otsego, dated the 7th of April, 1969, which denied probate of an instrument offered as the last will and testament of the decedent.

The decedent, Mary Agnes Mulligan, a resident of Otsego County, died at the age of 75 years.  During the major portion of her lifetime she operated a farm which she owned and upon

138

her death there was found in the said farmhouse upon a bureau in her bedroom a paper instrument which has been offered for probate. The said paper instrument was in will form and consisted of one sheet of paper. The terms of the will were typewritten. It was dated the 2nd of July, 1923, signed by the decedent and two disinterested witnesses. On its face it was legally sufficient, as to form, to constitute a duly made and executed will.

Following the signatures of the subscribing witnesses and at the bottom of the sheet appeared the following:

" Codicil: Dated June 20, 1928
The foregoing will is rendered void and I direct that in case of my death all debts be paid and the remainder of my property to be divided equally among Hugh Mulligan, Jr. and his four children.

Mary Agnes Mulligan "

Upon the filing of the petition offering the will for probate, certain relatives filed objections as follows:

" 1. That said purported Will was cancelled by the writing thereon dated June 20, 1928, and signed by the decedent, Mary Agnes Mulligan, which stated as follows, ' The foregoing Will is rendered void and I direct that in case of my death all debts be paid * * * ' with the intent to revoke the whole of said Will.

" 2. That the purported Will was obliterated by the writing thereon dated June 20, 1928, and signed by Mary Agnes Mulligan in that said writing covered a portion of the said Will form with the intent to revoke the whole of said Will.

" 3. That the writing on said Will form by Mary Agnes Mulligan rendered said Will void with the intent to revoke the whole of said Will."

Thereafter, at a hearing before the Surrogate, the proponents of the will offered testimony as to the authenticity of the signature of the decedent and the subscribing witnesses. In fact, one of the objectants testified as to the signature of the decedent on the will and the " codicil ".

There was no other proof offered by any of the parties nor did the Surrogate inquire particularly into all of the facts so as to be satisfied with the genuineness of the will and its execution.

The court found that the signature of the decedent and those of the subscribing witnesses had been proven; that the " codicil " lacked the attesting witnesses required and that the circumstances did not permit the testatrix to make a holographic will. The Surrogate also stated that it did not pass on the question as to whether the ineffective codicil could constitute an act of cancellation. (See EPTL 3-4.1, subd. [a], par. [2], subpar. [A].)

The writing (codicil) itself does not mutilate the will and upon the present record it does not appear that there would be any basis for deeming such writing to be an effective cancellation of the will. (Cf. *Matter of Parsons*, 119 Misc. 26, affd. 204 App. Div. 879, affd. 236 N. Y. 580.)

These findings were sufficient to meet the objections filed against the will.

The Surrogate, however, apparently taking into consideration that the '' endorsement '' (codicil) had been in existence for over 40 years and that the proof as to signatures to the will '' cannot be said to be in unsuspicious appearance in view of the testatrix's endorsement thereon showing her dissatisfaction with the instrument as representing her last will '' accordingly found '' The Court cannot say, on the proof before it, that it is satisfied with the genuineness of the will, nor can the Court in the absence of proof presume, under the circumstances here present, the competency and freedom from restraint of the testatrix. Probate will be denied. S. C. P. A. § 1408.''

The decision creates a paradox. The court had the inherent power to require proof to its satisfaction even though not raised in the form of objections. The mere passage of time neither raises a presumption that a will was not properly executed nor does such passage of time raise any issue as to competency or freedom of restraint by the person executing the will. If it were otherwise, a great many wills would be in jeopardy.

From a reading of the record it is quite apparent that most, if not all, of the witnesses could have and did attest to the competency of the decedent who operated her own farm over the 40-year period and also her freedom from restraint. Witnesses testified that for some 20 years the decedent conducted her own monetary affairs. In fact, Mary E. Mulligan, mother of two of the objectants, testified to caring for the deceased's business while she was in the hospital during the latter part of her life. If more proof was needed by the Surrogate, it should not have denied probate, but rather it should have advised the parties to present additional proof.

In our opinion, the will should have been admitted to probate. However, in view of the Surrogate's findings, albeit the issues were not part of the objections, remittal seems appropriate.

The decree should be reversed, on the law and the facts, and matter remitted to the Surrogate's Court for further inquiry as to decedent's competency and freedom from restraint, if he be so advised, or, alternatively, to admit the will to probate, with costs to all parties filing briefs in this court.

STALEY, JR., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Decree reversed, on the law and the facts, and matter remitted to the Surrogate's Court for further inquiry as to decedent's competency and freedom from restraint, if he be so advised, or, alternatively, to admit the will to probate, with costs to all parties filing briefs in this court.