Evans V. ¡Brewster, S.
.Submitted for probate is a typewritten will dated ¡April 4, 1974 which contains the signature of the testator and two subscribing witnesses and an attestation clause. The will has /a legal back, a portion of which is folded over and covers a small part of the top of the first page. Upon the f olded over portion appears in decedent’s handwriting, “ This will is void not to be in ¡force Samuel 'J. Lewis ”. No date appears. *611 Across the entire first page is an inked “ X ”. On page two and between article III and the provisions thereof and article IV and the provisions thereof, appears in the same handwriting “ this Part to be inforced Samuel J. Lewis 5/14/74 The provisions of article V, though still readable, have been stricken by an inked “ X ” and an inked line under the “ X Article VI has not been touched. Between article VII and the first line thereof are the words in ink “ VOID Samuel J. Lewis 5/14/74 ”. Through the provisions of article VII is an inked “ X ” and in the right hand margin alongside the said article in ink appears, “ James to make the choice [sic] choice ”. An inked line has been drawn through the first line .of the provisions of article VIII and only the last word ‘£ made ’ ’ has not been lined out. To the right of said sentence in the margin are the words in ink “VOID Samuel J. Lewis 5/14/74 ”. The last page upon which appear the signatures of the testator and witnesses and the attestation clause has not been altered. Before probate can be decreed, the court must decide whether the will has been revoked in the manner prescribed by EPTL 3-4.1.
A revocation, to be effective, must be made pursuant to statute (Burnham v. Comfort, 108 N. Y. 535; Lovell v. Quitman, 88 N. Y. 377; Matter of Evans, 113 App. Div. 373). It is not within the legitimate power of the courts to circumvent the statutory requirements for the revocation of wills and to accept even a definite intention to perform the prescribed act as a substitution for the act itself. The statute controlling the manner of the revocation of a will is specific and unqualified and is to be strictly construed. Formalities to effect the revocation of a will are necessary to prevent mistake, misrepresentation and fraud (Matter of McGill, 229 N. Y. 405).
EPTL 3-4.1 describes the methods for revoking wills. Basically they are: (1) by a writing and (2) by an act. While the Avriting Avhich appears ,on the top of the first page of the will evidences an intent to effect a revocation, EPTL 3-4.1 (subd. [a], par. [1], cl. [B]) has not been complied with for the writing, though signed by the testator has not been subscribed by at least two witnesses.
In the light of the facts here, the question then arises as to Avhether the testator, by his acts, has effected a revocation by cancellation .in accordance with EPTL 3-4.1 (subd. [a], par. [2], cl. [A]). By definition, there can be no such thing as a cancellation of an instrument, either as a physical fact or as a legal inference, unless the instrument itself is in some form defaced or obliterated (Matter of Akers, 74 App. Div. 461, affd. 173 N. Y. 620).
*612 The cases have emphasized the importance of the location of, the writing evidencing the revocation indorsed on the will. If there has been no obliteration of .the will itself and there is nothing denoting a cancellation other than a writing upon the margin or back of the will, the will has ¡not been canceled (Matter of Akers, supra; Matter of Mulligan, 40 A D 2d 136; Matter of Miller, 50 Misc. 70). However, a will is generally held to have been canceled when there have been some words of revocation actually written across the entire will or vital parts thereof (Matter of Parsons, 236 N. Y. 580; Matter of Robinson, 201 Misc. 439; Matter of Kutzner, 173 Misc. 776; Matter of Barnes, 76 Misc. 382).
Lines drawn through the signature of the testator or subscribing witnesses result in the effective obliteration of the will (Matter of Parsons, 236 N. Y. 580, supra; Matter of Sax, 25 Misc 2d 576; Matter of Weinberger, 206 Misc. 770; Matter of Semler, 176 Misc. 687; Matter of McCaffrey, 174 Misc. 162; Matter of Griffith, 167 Misc. 366; (Matter of Kuntz, 140 Misc. 598).
If the markings do not affect the will in its entirety, or a vital part thereof, there is no revocation (Matter of Tremain, 169 Misc. 549, affd. 257 App. Div. 996, affd. 282 N. Y. 485).
The fact pattern of the case at bar does not fall precisely under one rule or the other. The will contains no words of revocation written across any vital part. The words-“VOID Samuel J. Lewis 5/14/74 ” affect article VII which merely expresses a wish of the testator to employ a named attorney for the probate of the will. The only other words of revocation are found upon /a portion of the legal back at the top of page one and in the margin beside the provision in article VIII. The provision for the appointment of the fiduciaries in article V has been ¡lightly deleted in ink but is still discernible. A single “ X ” crosses page one. A portion of article II is on page one which bequeaths a business and devises some real property to his wife. Ordinarily, this might be considered a vital portion of the will. Significantly, however, is the -language in article III which reads ‘ ‘ the foregoing bequest and devise in favor of my said wife ’ ’ (referring to the disposition in article'll on page one) “ shall be absolute”. Certainly, if testator had intended to revoke the gift to his wife, he would have also deleted the quoted portion of article III. In addition, testator specifically wrote in ink on page two of- his will with reference to articles III and IV containing dispositive provisions, that said provisions would be in force.
*613 The court concludes that the requirements of valid revocation have not been met.
It is possible that the testator intended to make some changes but not revoke the entire will. If so, this intention was ¡not effectuated by decedent’s acts. As the changes were made subsequent to execution and ¡unwitnessed, there is a failure to comply with EPTL 3-4.1 and they are wholly ineffective.
The paper writing dated April 4, 1974 is admitted to probate.
■Submit decree reciting at length the will in the form in which it existed at the time of execution.