383 A.2d 586.

ESTATE OF LISBETH R. EGLEE.

MARCH 13, 1978.

Reargument Denied March 31, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.   This is an appeal from a judgment of the Superior Court affirming a decree of the Probate Court of the Town of Charlestown that admitted to probate the last will and testament of the decedent and testatrix Lisbeth R. Eglee. The matter was heard without a jury.

The facts are undisputed. The decedent, a resident of Charlestown, Rhode Island, died on November 11, 1973. Subsequently, defendant Donald R. Eglee, who is the step-son and sole beneficiary of Lisbeth R. Eglee, filed a petition with the local probate court requesting that a written instrument, executed and dated by decedent March 7, 1966, be admitted to probate. The plaintiff, Milton Haller, successor in interest to Duna Haller, sister of Lisbeth, and defendant have stipulated that the document in question was executed as the decedent's will in Connecticut in full

compliance with the laws of that state. The proffered will bore red pencil interlineations made by decedent through every word and signature, and appearing diagonally across each clause of the instrument were the decedent's initials, the word "obliterated," and the date September 19, 1973. The record indicates, however, that the entire document remained legible despite the defacement. The parties agree that the will was free of markings, initials, and notations at the time of its execution.

In admitting the will to probate, the trial justice found that, although the decedent demonstrated an intention to revoke her will, she failed to comply with the methods of revocation required by G.L. 1956 (1969 Reenactment) §33-5-10. The plaintiff has appealed this finding by the trial justice.

The issue before us is whether the decedent's actions constituted a sufficient revocation of her will pursuant to §33-5-10. It is well settled that a will may be validly revoked if the testator, or some third person acting under the testator's direction and in his presence, performs a prescribed physical act with the specified intent of revoking the will. *See, e.g., In re Davies,* 5 Ill. App. 3d 15, 282 N.E.2d 528 (1972); *In re Spiegelglass,* 48 N.J. Super. 265, 137 A.2d 440 (1958). The revocation procedure in Rhode Island is set forth in §33-5-10, which reads:

> "No will or codicil or any part thereof shall be revoked otherwise than as provided in §33-5-9, or by another will or codicil executed in manner hereinbefore required, or by some writing declaring an intention to revoke the same and executed in the manner in which a will is hereinbefore required to be executed, or by *burning, tearing, or otherwise destroying* the same by the testator, or by some person in his presence and by his direction, with the intention of revoking the same." (Emphasis added.)

Thus, revocation of a validly executed will under §33-5-10 requires the intent to revoke coupled with the act of "burning, tearing, or otherwise destroying" the will.

The plaintiff contends that the phrase "otherwise destroying" in §33-5-10 should be construed so as to include the acts of cancelling and obliterating. However, in interpreting such provisions, our duty is very narrowly described. We must construe statutes, not redraft them. *Moretti* v. *Division of Intoxicating Beverages*, 62 R.I. 281, 5 A.2d 288 (1939). In so doing, we are bound to ascertain the intent of the Legislature and to effectuate that intent when it is lawful and within legislative competence. *Providence Electric Co.* v. *Donatelli Building Co.*, 116 R.I. 340, 356 A.2d 483 (1976). Specifically, where a statute prescribes the methods and acts by which a will may be revoked, as does §33-5-10, no acts other than those mentioned in the statute can operate as a revocation, because statutes governing revocation are mandatory and must be strictly construed. *Succession of Melancon*, 330 So. 2d 679 (La. App. 1976); *In re Lewis*, 79 Misc. 2d 610, 360 N.Y.S. 2d 761 (1974); 2 Bowe-Parker, *Page on the Law of Wills* §21.3 at 351 rev. ed. 1960). The rationale for making statutory formalities governing revocation of a will mandatory is to prevent mistake, misrepresentation, and fraud. *See e.g., In re Lewis*, 79 Misc. 2d at 611, 360 N.Y.S. 2d at 763.

Examining the legislative history of §33-5-10, we find that prior to 1896, our revocation statute omitted the phrase "otherwise destroying" and provided that a will could be revoked by "cancelling" or "obliterating" as well as by other enumerated methods. Public Statutes 1882, ch. 182, §6. When the Legislature amended the revocation statute in 1896, it deleted the words "cancelling" and "obliterating" and inserted the phrase "otherwise destroying." General Laws 1896, ch. 203, §17. Generally, the omission from a revocation statute of one of the modes of revocation

previously included renders it impossible to revoke a will by the omitted method. 2 Bowe-Parker, *Page on the Law of Wills*, §21.4 at 354. It is obvious that if, as plaintiff argues, the Legislature had intended that the term "otherwise destroying" were to include revocation by cancellation or obliteration, it would have framed the pertinent clause to read "or by burning, tearing, cancelling, obliterating, or otherwise destroying." To adopt plaintiff's construction would contravene both the mandatory method of revocation delineated by §33-5-10 and the obvious intent of the Legislature in drafting that statute.

Courts that have considered statutes identical to §33-5-10 have held that when the Legislature, after mentioning specific acts such as "burning" and "tearing" as sufficient to revoke a will, speaks of "otherwise destroying" a will, it must be understood as intending by the latter some mode of destruction ejusdem generis, a destruction of the same kind or nature as by the methods previously mentioned. *E.g.,* *Stephens* v. *Taprell*, 163 Eng. Rep. 473 (1840); *see* Thompson, *The Law of Wills*, §159 at 247 (3d ed. 1947). Therefore, we believe that the phrase "otherwise destroying" imports a destruction of both the substance and contents of the will. Anything short of a destruction of this degree is entirely ineffectual as a revocation, particularly where the original writing remains legible as in the instant case. *See Stephens* v. *Taprell*, 163 Eng. Rep. 473.

Because §33-5-10 cannot be construed so as to include cancelling and obliterating as appropriate methods of revocation, and because the acts of the testator in this case did not constitute "otherwise destroying" the will, we must agree with the trial justice that despite the testator's obvious intent to revoke, the will was not validly revoked according to §33-5-10,

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Blais, Cunningham, Thayer, Gagnon & Ross, Matthew C. Cunningham, Henry J. Blais III,* for plaintiff.

*Vincent J. Naccarato, James D. Thornton,* for defendant.