■ In the Matter of the Estate of EDNA H. SHAW, Deceased. DARLENE G. S. GONZALEZ, Appellant; LISA C. S. O'CONNOR et al., Respondents. [608 NYS2d 707] —In a proceeding pursuant to SCPA 1001 to obtain letters of administration, the petitioner appeals from an order of the Surrogate's Court, Dutchess County (Benson, S.), entered April 3, 1992, which denied her motion pursuant to SCPA 209 (4) and CPLR 3212 for summary judgment determining that the decedent's interest in a mortgage on real property did not constitute a part of the decedent's gross estate, and directed her to file a petition for probate upon a finding that the decedent's will had not been validly revoked.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitioner's motion is

granted, it is declared that the decedent's interest in the subject mortgage does not constitute a part of the decedent's gross estate, and the matter is remitted to the Surrogate's Court, Dutchess County, for further proceedings in accordance herewith.

Prior to her death, Edna H. Shaw sold her home, receiving a purchase-money mortgage as part of the sales price. Shortly before the closing, she had instructed her attorneys to establish a joint tenancy with the right of survivorship in the mortgage between herself and her daughter, the petitioner, as mortgagees, in order to avoid probate under her will. Around the same time, Edna H. Shaw wrote the words "viod viod" *(sic)* in large letters substantially across the entire will, and signed it in the presence of her attorney, who assured her that the mortgage documents would effectuate her intention to pass the entire mortgage to her daughter upon her death. However, the attorney, by his own admission, inadvertently failed to inscribe the appropriate language on the mortgage documents, thereby legally creating a tenancy in common between the decedent and her daughter *(see,* EPTL 6-2.2 [a]).

Contrary to the respondents' contention, a mortgage may be reformed by a court in equity after the death of the mortgagee *(see, Harris v Uhlendorf,* 24 NY2d 463, 467; *cf., Amend v Hurley,* 293 NY 587). The record shows "clear, positive and convincing evidence" *(Amend v Hurley, supra,* at 595) that the mortgagors and mortgagees intended a joint tenancy with the right of survivorship and that the mistake was " 'in the reduction of [the mortgage] agreement to writing, [a] mistake of the scrivener' " *(Harris v Uhlendorf, supra,* at 467, citing *Born v Schrenkeisen,* 110 NY 55, 59; *see also, Matter of Radigan v O'Connell,* 304 NY 396, 397). Therefore, the mortgage should have been reformed accordingly.

Further, contrary to the respondents' contention, the decedent validly revoked her will by cancellation; therefore, the will cannot be admitted to probate *(see,* EPTL 3-4.1 [a] [2] [A]; *see also, Matter of Parsons,* 236 NY 580; *cf., Matter of Lewis,* 79 Misc 2d 610, 612-613). Accordingly, the competing applications for letters of administration should be determined.

In light of the foregoing, we do not reach the petitioner's remaining contention. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.