■ ROGER RIBACOFF et al., Appellants, v CHUBB GROUP OF INSURANCE COMPANIES, Defendant, and FEDERAL INSURANCE COMPANY, Respondent. [770 NYS2d 1]—

Judgment, Supreme Court, New York County (Carol Huff, J.), entered October 11, 2002, which, after a nonjury trial, dismissed the complaint and granted defendant Federal Insurance Company's counterclaim to reform the insurance contract with plaintiffs to include a "stock definition" endorsement, excluding jewelry stock from the policy coverage, unanimously modified, on the facts, to award plaintiffs $9,300 as against defendant Federal, and otherwise affirmed, without costs.

Before reformation of a contract may be granted, a party must establish his right to such relief by clear, positive and convincing evidence (*see Amend v Hurley*, 293 NY 587, 595 [1944]). Reformation is permitted where there is mutual mistake, e.g., "where the parties have a real and existing agreement on particular terms and subsequently find themselves signatories to a writing which does not accurately reflect that agreement" (*Harris v Uhlendorf*, 24 NY2d 463, 467 [1969]).

Mary Beth Kelly of Gueits, Adams & Co., plaintiffs' insurance broker, testified that plaintiff never purchased coverage for his jewelry stock through defendant Federal Insurance Company, that Kelly never requested such coverage from Federal on his behalf, and that it was never the intention of the insured or his broker to include such coverage in the policy. Indeed, plaintiffs had canceled their jeweler's block coverage through another insurer several years prior to the theft underlying the instant claim (evidently because of a hike in the premium), as evidenced by a written communication from Kelly to Ribacoff at the time and the drastically reduced premiums since then. Annual renewals for personal property coverage required a "stock definition" endorsement in order to exclude jewelry stock from coverage, and the inadvertent omission of that endorsement from the policy the year before this theft was corrected with retroactive issuance of such an endorsement during that policy year. The same omission occurred during the instant year.

At the very least, Kelly and Gueits, Adams were aware that there was no jewelry stock coverage under this policy. An insurance broker is an agent of the insured (Insurance Law § 2101 [c]; *Bohlinger v Zanger*, 306 NY 228, 231 [1954]). As such, the latter is bound, as principal, by notice to or knowledge acquired by the agent (*Matter of Hayden v S & W Meat & Poultry*, 221

AD2d 823, 825 [1995]). Plaintiffs are thus bound by their agent's understanding that insurance coverage for jewelry stock was not intended to be included in the Federal policy, and that omission of the "stock definition" endorsement was again inadvertent.

Federal does concede that plaintiffs are entitled to $9,300 as stipulated settlement for the claim for theft under the personal property coverage. No interest on that sum is warranted, however, because plaintiffs never tendered to Federal a duly executed release and discontinuance with regard to that settlement (CPLR 5003-a [a], [e]). Concur—Nardelli, J.P., Mazzarelli, Andrias and Williams, JJ.