John **TRANT**

v.

**LUCENT TECHNOLOGIES.**

No. 2005–18–M.P.

Supreme Court of Rhode Island.

May 4, 2006.

Gregory L. Boyer, for Plaintiff.

George E. Furtado, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## O P I N I O N

Justice GOLDBERG, for the Court.

In this dispute between an employer and former employee, the Court is confronted with a single issue: Must an employee be totally incapacitated for more than fifty-two *consecutive* weeks to qualify for a cost-of-living adjustment (COLA) provided by G.L.1956 § 28–33–17(f)(1), as amended

by P.L. 2000, ch. 491, § 4?[1] Although the petitioner-plaintiff, John Trant (Trant), was totally incapacitated for more than fifty-two weeks as of May 10, 2002,[2] the period of incapacity was not consecutive, having been interrupted by a term of partial incapacity. The respondent-defendant, Lucent Technologies (Lucent), does not dispute Trant's workers' compensation claim or the COLAs he received for the years after 2002. However, because Trant's period of total incapacity as of May 10, 2002, did not exceed fifty-two consecutive weeks, Lucent contends that he was not entitled to a COLA under the provisions of § 28–33–17(f)(1). The trial judge and the Appellate Division of the Workers' Compensation Court (Appellate Division) agreed with Lucent, and Trant sought review by this Court to determine whether § 28–33–17(f)(1) requires that his disability, before May 10, 2002, exceed fifty-two consecutive weeks to qualify for a COLA. We granted certiorari, and for the following reasons, we quash the decree of the Appellate Division of the Workers' Compensation Court.

### Facts and Travel of the Case

The parties presented the following stipulation of facts to the Workers' Compensation Court:

"1. The employee was injured on July 26, 2000 which injuries were right ear, right arm, right hand and post-traumatic stress syndrome. These injuries had been established by Consent Decree dated April 6, 2001. A pre-trial order dated October 10, 2001 enlarged the covered parts of the body to include 'neck' in the description of the injury.

"2. The Consent Decree dated April 6, 2001, found that as a result of the employee's injury, he became totally disabled from July 27, 2000 through to August 23, 2000 and continuing partial thereafter. A subsequent pre-trial order dated October 10, 2001, found that the employee's incapacity increased to total and ordered that the employee receive benefits for total incapacity from May 25, 2001 and continuing.

"3. The employee filed a petition alleging that the employer had failed to pay COLA.

"4. The matter was heard before the [c]ourt and the employer was ordered to pay COLA for 2003 plus a 20% penalty to the employee. The [c]ourt allowed the employer to deduct these monies from an outstanding credit which the employee owes the employer.

"5. The [c]ourt denied any COLA for the year 2002.

"6. The employee timely claimed a trial on the issue of the denial on the 2002 COLA. The employer did not claim a trial on the granting of the payment for the COLA of 2003.

"The only issue before the Trial Court is whether or not the employee is entitled to a COLA for the year 2002."

The trial justice reviewed § 28–33–17(f)(1) and concluded that Trant, despite having been totally incapacitated for more

---

1. General Law 1956 § 28–33–17(f)(1), as amended by P.L. 2000, ch. 491, § 4, provides in relevant part:

    "Where any employee's incapacity is total and has extended beyond fifty-two (52) weeks, regardless of the date of injury, payments made to all totally incapacitated employees shall be increased as of May 10, 1991, and annually on the tenth of May

after that as long as the employee remains totally incapacitated."
This statute has been amended since the date of the accident, however; the substantive language remains the same.

2. May 10th is the statutorily prescribed date on which COLAs are to be considered. *See* § 28–33–17(f)(1).

than fifty-two weeks as of May 10, 2002, was not entitled to a COLA because his period of incapacity was not consecutive. On appeal to the Appellate Division, a unanimous panel agreed with the trial justice and denied his appeal. This Court granted Trant's petition for writ of certiorari so that we might take up this question of statutory interpretation.

## Analysis

Before this Court, Trant points to the remedial purpose of the Workers' Compensation Act, G.L. 1956 chapter 29 of title 28, and argues that, to qualify for a COLA, a worker's total incapacity need not be consecutive as long as it extends for more than fifty-two weeks. Trant contends that the Appellate Division read a restrictive provision into the act and therefore erred as a matter of law.

The COLA statute provides in relevant part:

"Where any employee's incapacity is total and has extended beyond fifty-two (52) weeks, regardless of the date of injury, payments made to all totally incapacitated employees shall be increased as of May 10, 1991, and annually on the tenth of May after that as long as the employee remains totally incapacitated." Section 28–33–17(f)(1).

Clearly, this provision does not explicitly require that the incapacity extend in excess of fifty-two *consecutive* weeks to qualify for a COLA. However, the Appellate Division determined that, because the statute refers to the period of incapacity as of May 10th each year, it "clearly conveys that the provision applies to an employee suffering from a *current* period of total incapacity" and "that current period of total incapacity * * * is continuous."[3]

The Appellate Division concluded that an employee may not tack together periods of total incapacity to satisfy the statutorily prescribed fifty-two weeks of total incapacity.

Additionally, the Appellate Division suggested that the process of determining eligibility for a COLA no longer would be a ministerial act if an injured worker could piece together periods of incapacity:

"We * * * do not believe that the Legislature would have intended to impose an almost impossible administrative burden on insurers and self-insured employers by requiring that they track each separate period of total incapacity for each individual employee over the life of the claim in order to determine if at any time the weeks add up to the required fifty-two (52) weeks."

█ We previously have said that, "[i]f statutory provisions appear unclear or ambiguous, * * * we shall examine the entire statute to ascertain the intent and purpose of the Legislature." *Jeff Anthony Properties v. Zoning Board of Review of North Providence,* 853 A.2d 1226, 1230 (R.I.2004) (quoting *Cummings v. Shorey,* 761 A.2d 680, 684 (R.I.2000)). Such an inquiry requires us to "determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Oliveira v. Lombardi,* 794 A.2d 453, 457 (R.I. 2002) (quoting *Brennan v. Kirby,* 529 A.2d 633, 637 (R.I.1987)).

█ We are of the opinion that the statute is ambiguous about whether periods of incapacity may or may not be combined for COLA purposes, and we shall proceed to construe its provisions. The Workers' Compensation Act, chapter 29 of title 28, is a remedial statute that should be liberally construed to effectuate this salutary pur-

---

**3.** The portion of the statute that the Appellate Division of the Workers' Compensation Court relied upon is as follows: "Where any employee's incapacity *is* total *and has extended* beyond fifty-two (52) weeks * * *." Section 28–33–17(f)(1). (Emphases added.)

pose. *McCarthy v. Environmental Transportation Services, Inc.*, 865 A.2d 1056, 1063 (R.I.2005). More specifically, ambiguities in the Workers' Compensation Act "generally 'must be construed liberally *in favor of the employee.*'" *Id.* (quoting *Rison v. Air Filter Systems, Inc.*, 707 A.2d 675, 681 (R.I.1998)). (Emphasis added.) The Appellate Division's construction of the COLA statute clearly works against this canon of statutory construction and the remedial purpose of the Workers' Compensation Act.

In finding that the COLA provision requires total incapacity for more than fifty-two consecutive weeks, the Appellate Division did not construe the statute in favor of the employee who had satisfied its requirements in every other respect. Trant became totally incapacitated on July 27, 2000, and remained so on May 10, 2002, the effective date of the COLA. He had accumulated in excess of fifty-two weeks of total incapacity, attributable to the same injury. Trant neither recovered from his injuries during this time period nor held another job; his downfall stemmed quite simply from his having been placed on partial disability for a short interval. Given the foregoing, we are hard pressed to conclude that the Appellate Division construed the statute " 'liberally in favor of the employee.'" *McCarthy*, 865 A.2d at 1063. Rather, by its decision, the three-judge panel inserted into the statute language that has significant independent meaning and resulted in the denial of a COLA to an employee who had been totally incapacitated for more than fifty-two weeks. We deem this an error of law. The General Assembly is presumed to know the meaning of its enactments and having used the word "consecutive" numerous other times in title 28 and elsewhere in the General Laws, we conclude that its absence in the COLA statute was both purposeful and meaningful.[4]

Finally, we respectfully disagree with the Appellate Division's concern that requiring employers or insurers to track the time periods in which an employee is totally incapacitated would create an "almost impossible administrative burden." It is the opinion of this Court that such a computation is a matter of simple arithmetic.

### Conclusion

For the reasons stated herein, we quash the decree of the Appellate Division and remand this case to the Workers' Compensation Court for proceedings consistent with this opinion. The record is remanded to the Workers' Compensation Court with our decision endorsed thereon.

---

4. *See, e.g.,* G.L.1956 § 28–3–12 ("The employment of any minor for a longer time in a period of twenty-four (24) *consecutive* hours than so stated shall be deemed a violation of § 28–3–11.") (emphasis added); G.L.1956 § 28–11–2 ("A day's work for all conductors and operators * * * in this state shall not exceed ten (10) hours work, to be performed within twelve (12) *consecutive* hours.") (emphasis added); G.L.1956 § 28–29–7.2 ("Farmers, nursery operators, arborists, * * * or agricultural employers employ twenty-five (25) or more farm laborers or agricultural employees for thirteen (13) *consecutive* weeks are not subject to the provisions of chapters 29—38 of this title * * *.") (emphasis added); G.L.1956 § 28–41–12(e) ("If an individual is unemployed due to sickness for the seven (7) *consecutive* days, as provided for in subsection (a), and his or her sickness continues for at least an additional twenty-one (21) *consecutive* days, he or she shall be eligible to receive benefits for the waiting period of seven (7) *consecutive* days.") (emphases added); G.L.1956 § 28–43–1(3) (" 'Eligible employer' means an employer who has had three (3) *consecutive* experience years during each of which contributions have been credited to his account and benefits have been chargeable to this account.") (emphasis added).