■ FRIEDLAND REALTY, INC., Respondent, v 416 W, LLC, Appellant. [993 NYS2d 43]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), dated February 15, 2013, as granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim, and pursuant to both CPLR 3211 (a) (7) and, in effect, CPLR 3211 (b), to dismiss the third affirmative defense.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a corporation, entered into a commission agreement with the defendant, a limited liability company, with respect to the rental of a commercial property owned by the defendant. The written commission agreement, which was signed by Janusz Sendowski, a principal of the defendant, provided

that the defendant would pay the plaintiff a commission of 6% of the gross aggregate rental for the first five years of a lease referable to the property, and 3% thereafter, in the event that the plaintiff found a tenant for the subject property. The commission agreement further provided that it constituted the entire agreement of the parties. In August 2010, the defendant entered into a lease with a prospective tenant introduced to the defendant by the plaintiff.

After the defendant allegedly refused to pay any commission to the plaintiff, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. In its answer, the defendant interposed three counterclaims, the second of which sought reformation of the written commission agreement based on mutual mistake and an alleged oral modification, and raised 15 affirmative defenses, the third of which alleged mutual mistake. The plaintiff moved pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims and pursuant to both CPLR 3211 (a) (7) and, in effect, CPLR 3211 (b), to dismiss two of the affirmative defenses, including the third affirmative defense.

The Supreme Court granted the plaintiff's motion. The defendant appeals from so much of the order as granted those branches of the plaintiff's motion which were to dismiss the second counterclaim and the third affirmative defense.

On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Siracusa v Sager*, 105 AD3d 937, 938 [2013]).

"A claim of mutual mistake is stated where the allegations indicate that the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (*Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *Phillips v Phillips*, 300 AD2d 642, 643 [2002]). Absent fraud, "the mistake shown must be one made by both parties to the agreement, so that the intentions of neither are expressed in it" (*Migliore v Manzo*, 28 AD3d 620, 621 [2006]; *see Ribacoff v Chubb Group of Ins. Cos.*, 2 AD3d 153, 154 [2003]; *Matter of Shaw*, 202 AD2d 433, 434 [1994]). "A claim predicated on mutual mistake must be pleaded with the requisite particularity necessitated under CPLR 3016 (b)"

(*Simkin v Blank*, 19 NY3d 46, 52 [2012]), which provides that "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." Ultimately, the proponent of reformation based on mutual mistake must demonstrate the particulars of the actual agreement intended by the parties, based on the particularized allegations in the complaint (*see Chimart Assoc. v Paul*, 66 NY2d at 574; *George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 220 [1978]).

Here, the defendant's second counterclaim and third affirmative defense did not describe the terms of the oral modification that the parties allegedly agreed to, or how those terms differed from the terms of the written agreement. Instead, that counterclaim and affirmative defense recited, in conclusory fashion, that the terms that had actually been agreed to by the parties prior to the writing, and which were allegedly confirmed pursuant to the oral modification, provided that the plaintiff was only entitled to a "reduced fee," but provided no specifics as to the amount of that reduced fee, or under what circumstances such a reduced fee was to be paid. Similarly, the defendant alleged that the plaintiff "was to be compensated for an introduction" to a prospective lessee, but alleged no details as to how its obligation to compensate the plaintiff for securing such an introduction differed from the terms of the written agreement.

Since the allegations of mutual mistake set forth in the defendant's second counterclaim and third affirmative defense were not made with the requisite particularity (*see generally* CPLR 3016 [b]; *Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co.*, 36 AD3d 441, 443 [2007]), they failed to state a cause of action or defense, respectively, and the Supreme Court correctly granted those branches of the plaintiff's motion which were to dismiss that counterclaim and affirmative defense. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.