'Justice Flaherty, dissenting. I respectfully dissent from the holding of the majority. I do so because G.L. 1956 § 45-21.2-10, clearly and unambiguously, states that “[t]he amount of retirement allowance for accidental disability is that as prescribed in § 45-21-22.” The question we have been asked to decide is whether the language of that statute subjects the plaintiff to the additional requirements that are set forth in G.L. 1956 §§ 45-21-23 and 45-21-24. It is readily apparent from the above-quoted language that § 45-21.2-10 is silent on that question. However, that silence does not in and of itself create ambiguity, as the majority concludes. Rather, I am of the opinion that the words of' the -statute are crystal clear, “[t]he amount of retirement allowance for accidental disability is that as prescribed in § 45-21-22” — -nothing more. A commonsense reading of § 45-21.2-10’s plain language — language wholly devoid of any references to §§ 45-21-23 and 45-21-24— compels me, therefore, to conclude that the plaintiff is not subject to the IME and income-reporting requirements set forth in §§ 45-21-23 and 45-21-24. I must therefore dissent. “Ambiguity exists only when a word or phrase in a statute is susceptible of more than one reasonable meaning.” Drs. Pass & Bertherman, Inc. v. Neighborhood Health Plan of Rhode Island, 31 A.3d 1263, 1269 (R.I. 2011). As we have explained on multiple occasions, “[b]ecause ambiguity lurks in every word, sentence, and paragraph in the eyes of a skilled advocate * * * the question is riot whether there is an ambiguity in the metaphysical sense, but whether the language has only one reasonable meaning when construed, not in a hypertechnical fashion, but in an ordinary, common sense manner.” In re Proposed Town of New Shoreham Project, 25 A.3d 482, 505 n.30 (R.I. 2011) (quoting Lazarus v. Sherman, 10 A.3d 456, 464 (R.I. 2011)). In my opinion, § 45-21.2-10 is not susceptible of more than one reasonable meaning, either in the metaphysical sense or through the application of common sense. The. statute simply makes no mention of §§ 45-21-23 and 45-21-24; therefore, the requirements of those statutes should not be grafted onto the plain terms of § 45-21.2-10. Respectfully, I cannot fathom where or how the majority perceives ambiguity. It is true that chapter 21.2 of title 45, on the whole, contains a number of express references to chapter 21 and that pursuant to § 45-21.2-4, chapter 21.2 is to be “administered in the same manner provided in chapter 21 * * The majority correctly notes that there are a number of cross-references to chapter 21 in chapter 21.2. Importantly, § 45-21.2-10 is one of those sections, but it refers only to § 45-21-22 and to no other section in the chapter. The lack of further cross-references, particularly to §§ 45-21-23 or 45-21-24, in § 45-21.2-10 helps to render, in the view of the majority, this statutory scheme ambiguous. To be sure, the General Assembly included certain cross-references to chapter 21 throughout chapter 21.2. Yet it did not include any references to §§ 45-21-23 and 45-21-24 in § 45-21.2-10, Therefore, I am ■compelled to conclude that § 45-21.2-10 does not require plaintiff to undergo an IME pursuant to § 45-21-23 or to report income pursuant to § 45-21-24. We have long adhered to the presumption “that the General Assembly knows the ‘state of existing relevant law when it enacts or amends a statute.’” Power Test Realty Co. Limited Partnership v. Coit, 134 A.3d 1213, 1222 (R.I. 2016) (quoting Retirement Board of Employees’ Retirement System of Rhode Island v. DiPrete, 845 A.2d 270, 287 (R.I. 2004)). A corollary to that presumption is that we should “resist speculating whether [a legislative body] acted ihadverteritly.” Hamer v. Neighborhood Housing Services of Chicago, — U,S. -, 138 S.Ct. 13, 20, 199 L.Ed.2d 249 (2017); Dodd v. United States, 545 U.S. 353, 357, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) (“We must presume that [the] legislature says * * * what it means and means * * * what it says * * * » (quoting Connecticut National Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992))). Thus, when the General Assembly amended chapter 21.2 in 1980 (P.L. 1980, ch. 59, § 2); we must presume that it knew exactly which provisions it deemed subject to chapter 21 and which it .did not, and'that it did not act through oversight, inadvertence, or neglect. With that in mind, I can conclude only that § 45-21.2-10 is deliberately silent on that point and that only § 45-21-22 applies to § 45-21.2-10 because that is the only section expressly mentioned. See Shine v. Moreau, 119 A.3d 1, 10 (R.I. 2015) (“[W]e adhere to ‘the maxim that the plain statutory language is the best indicator of legislative intent.’” (quoting Marques v. Pawtucket Mutual Insurance Co., 915 A.2d 745, 747 (R.I. 2007))). The statutory framework is not ambiguous and therefore should be construed as written. Moreover’, even if § 45-21.2-10 were ambiguous, as the majority has concluded, I would be persuaded nonetheless that its terms are not subject to §§ 45-21-23 and 45-21-24. In grappling with the ambiguity it somehow discovers in the statute, the majority properly embarks on an examination of “the entire statute to ascertain the intent and purpose of the Legislature.” Prew v. Employee Retirement System of Providence, 139 A.3d 556, 560 (R.I. 2016) (quoting Trant v. Lucent Technologies, 896 A.2d 710, 712 (R.I. 2006)); see also Mancini v. City of Providence, 155 A.3d 159, 162-63 (R.I. 2017). Certainly, I do not quarrel with the majority’s conclusion that the overall purpose underlying chapter 21.2 is to provide a retirement system for municipal police officers and firefighters. I do, however, diverge from the majority’s illation that interpreting § 45-21.2-10 in a manner that exempts plaintiff from the requirements set forth in §§ 45-21-23 and 45-21-24 would contravene legislative intent. For me, to resolve any ambiguity which might lurk here, we need not look any further than the straightforward legislative history of § 45-21.2-10. To borrow a phrase from the venerable Justice Oliver Wendell Holmes, “a page of history is worth a volume of logic.” New York Trust Co. v. Eisner, 256 U.S. 345, 349, 41 S.Ct. 506, 65 L.Ed. 963 (1921). As the majority succinctly explains, prior to 1980, § 45-21.2-10 contained express references to §§ 45-21-23 and 45-21-24. Significantly, though, the General Assembly amended § 45-21.2-10 in 1980, deleting any and all references to those sections. In their place, the General Assembly inserted a reference to § 45-21-22. Since 1980, § 45-21.2-10 has remained unchanged. I can reach only one conclusion from that history: The General Assembly decided, in its legislative wisdom, that pensions governed by § 45-21.2-10 should not be subject to the requirements set forth in §§ 45-21-23 and 45-21-24. Again, we have long operated under the presumption that “the General Assembly knows the ‘state of existing relevant law when it enacts or amends a statute.’” Power Test Realty Co. Limited Partnership, 134 A.3d at 1222 (quoting DiPrete, 845 A.2d at 287). And we ought to do so with the notion that the General Assembly does not do so unwittingly. Hamer, 138 S.Ct. at 20. When the General Assembly deleted the language that would have subjected pensioners in plaintiffs position to §§ 45-21-23 and 45-21-24, the General Assembly made its intent known. See Nolan v. Representative Council of Newport, 73 R.I. 498, 501-02, 57 A.2d 730, 732 (1948) (explaining that this Court could not treat the General Assembly’s deletion of a word “as a legislative oversight and supply the omitted word”); see also Estate of Eglee, 119 R.I. 786, 789-90, 383 A.2d 586, 588-89 (1978). The silence in § 45-21.2-10 was deliberate, and the meaning of that deliberate silence is abundantly clear: Plaintiff is not subject to the requirements set forth in §§ 45-21-23 and 45-21-24. This conclusion is buttressed by the fact that the General Assembly has expressly informed us that pensions subject to chapter 21 and accidental disability pensions subject to chapter 21.2 are to be treated differently. Indeed, § 45-21.2-4 mandates, “where the provisions of [chapter 21] conflict with [chapter 21.2], then the provision[s] of [chapter 21.2] control.” It could not be clearer that, in amending § 45-21.2-10, the General Assembly opted to exempt, pensioners governed by chapter 21.2 from the requirements of §§ 45-21-23 and 45-21-24. • According to § 45-21.2-10’s plain language, plaintiff is not subject to the requirements of §§-'45-21-23 and 45-21-24. It may be unpalatable that plaintiff is not subject to a yearly IME or to income-reporting requirements, but that is for the General Assembly to determine, not this Court.[9] We should, not rewrite the statute simply because we disagree with it. Our holding today,'adopting a rule that would require a clear, indeed “pellucid” statement by the General Assembly with respect to a municipal police officer’s accidental disability pension is anathema to our case law -and to political realities.[10] There are times when legislative silence speaks volumes. This is one of those times. As we have held,'“[w]here the legislature in-amending an act thus purposely omits, words in the amended act the court has no authority to supply the omitted words.” Nolan, 73 R.I. at 502, 57 A.2d at 732. I see no reason to depart from such sound reasoning now. For those reasons, I respectfully dissent. . Of note, the statute governing-the disability pensions of members of the state police is also silent with respect to whether the members of that department are subject to IME’s or' income-reporting requirements. See G.L. 1956 § 42-28-21(a). ■ ■ , In the view of the majority, to convey that pensions governed by G.L, 1956 § 45-21.2-10 are not Subject to the requirements set forth in G.L. 1956 §§ 45-21-23 and 45-21-24, the General Assembly would have been required to amend § 45-21.2-10 to read something along the lines of, "The amount of retirement allowance for accidental disability is that as prescribed in § 45-21-22. The requirements set forth in §§ 45-21-23 and 45-21-24 do not apply.” Amendment by deletion is no longer an option. This is a remarkable statement by this Court.