356 A.2d 483.

PROVIDENCE ELECTRIC CO., INC. *vs.*
DONATELLI BUILDING CO., INC. *et al.*

MAY 6, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action to recover on a labor and material payment bond. The cause was tried to a Superior Court justice sitting without a jury. From a judgment awarding the plaintiff the sum of $2,853.59, the defendants have appealed to this court.

The plaintiff instituted action against defendants by placing a claim on a labor and material payment bond exe-

cuted and delivered by defendants to the town of North Providence pursuant to a building contract between defendant, Donatelli Building Co., Inc., and said town of North Providence. The bond, and building contract, are each dated August 25, 1966. It was stipulated at trial below that plaintiff sent notice of its claim to defendants and to the town of North Providence in December 1967.

In the complaint filed in Superior Court on May 17, 1968, plaintiff alleges that it furnished materials to Rhode Island Electric Co., Inc., a subcontractor of defendant, Donatelli Building Co., Inc., and that the subcontractor had become insolvent and bankrupt while indebted to plaintiff for the cost of said materials. The plaintiff further alleges that said materials were furnished for use in the construction of a public building, the Senior High School addition, belonging to the town of North Providence, and that the materials in question were used or reasonably required for use in the erection of said building.

The plaintiff claims to be entitled to payment under the said bond by virtue of G. L. 1956 (1969 Reenactment) §§34-28-30[1] and 34-28-31.[2] The defendants contend that

---

[1]General Laws 1956 (1969 Reenactment) §34-28-30 reads as follows:

"Suit on bond to secure payment.—If any bond be given to secure payment for work done or materials furnished on account of the construction, erection, alteration or reparation of any building, canal, turnpike, railroad or other improvement or on account of any contract between the owner or lessee or tenant of the land on which the same then is or shall be constructed, erected, altered or repaired and any other person, such bond shall enure to the benefit of any person who does any work in the construction, erection, alteration or reparation thereof, or who furnishes any materials used in the same, and such person doing such work or furnishing such materials may bring suit in his own name on such bond against any party thereto, notwithstanding the fact that no notice of intention under §34-28-4 has been mailed or filed, and, further, notwithstanding the fact that he is not a party to such bond or to such contract between such owner or lessee or tenant and such other person, and, further, notwithstanding the fact that he did not know of or rely on such bond or give any notice to the surety on

the bond was furnished to the town as required by §37-13-13[3] and was therefore subject to the provisions of chapter 12 of title 37. The defendants argue that plaintiff's admitted failure to comply with the notice requirements of §37-12-2 et seq., is a bar to plaintiff's claim for recovery under the bond.

The trial justice found that §§34-28-30 and 34-28-31 were applicable to plaintiff's claim and that plaintiff was not bound by the notice provisions contained in chapter 12 of title 37. The trial justice further found that §§34-28-30 and 34-28-31 were enacted into law by the Legislature in 1965 and in his opinion provide a new and broad remedy to a person performing labor or furnishing mate-

---

such bond, and further, notwithstanding the fact that he did work or furnished materials for use on any subcontract, mediate or immediate, to such contract between such owner or lessee or tenant and such other person."

[2]General Laws 1956 (1969 Reenactment) §34-28-31 reads as follows:

"Application to governmental agencies.—No lien under §§34-28-1, 34-28-2 or 34-28-3 shall attach to any building, canal, turnpike, railroad or other improvement, if the same is being constructed, erected, altered or repaired by or for the state of Rhode Island, or any city or town, or any subdivision or agency thereof, or to any land upon which the same then is, if such land is owned by the state of Rhode Island or any city or town, or any subdivision or agency thereof, but the provisions of §34-28-30 shall apply to buildings, canals, turnpikes, railroads or other improvements being so constructed, erected, altered or repaired."

[3]General Laws 1956 (1969 Reenactment) §37-13-13 reads as follows:

"Contractor's bond.—The state or any city, town, agency or committee therein awarding such contracts for public works shall require the contractor awarded a contract with a contract price in excess of one thousand dollars ($1,000) for public works to file with the proper authority good and sufficient bond with surety furnished by any surety company authorized to do business in the state, conditioned upon the faithful performance of the contract and upon the payment for labor performed and material furnished in connection therewith, such bond to contain the terms and conditions set forth in chapter 12 of this title, and to be subject to the provisions of that chapter." (now §37-13-14)

rials under or pursuant to a construction contract where a bond has been given to the owner, and the labor or materials are furnished on a subcontract under the contract between the owner and the person contracting with the owner. The trial justice found that under the stated sections it is not necessary that the claimant knew of the bond or relied on it, nor that the surety received notice from the claimant. He concluded that it was the intention of the Legislature to establish a remedy contrary to the existing common law but in addition to and independent of chapter 28 of title 34 (Mechanics' Lien Law) since under section 30, no notice of intention to claim a lien need be filed by the claimant to pursue his remedy thereunder.

Section 31 restates the law providing that a lien under §§34-28-1, 34-28-2 and 34-28-3 cannot attach to the property of a state or a municipality. However, it does preserve the remedy of §34-28-30 where the state or municipality is the owner of the land.

The defendants argue that plaintiff is not entitled to recover because it has not complied with §37-12-1 et seq., and §37-13-1 et seq., and particularly §37-13-13. The plaintiff, on the other hand, argues that because its remedy is provided by §§34-28-30 and 34-28-31 it is not required to comply with chapter 12 of title 37.

Where there are two repugnant statutory provisions, the provision which is most recent is to be preferred. *Opinion to the Governor,* 78 R. I. 144, 80 A.2d 165 (1951). Sections 34-28-30 and 34-28-31 are clearly later in time than chapter 12 of title 37. It is also true that repeals by implication are not favored and courts should attempt to construe two statutes that are in apparent conflict so that, if at all reasonably possible, both statutes may stand and be operative. *State* v. *Bradshaw,* 101 R. I. 233, 221 A.2d 815 (1966). Where a question arises as to whether

one statute repeals an earlier one or is in conflict with it, the court should endeavor to determine the intention of the Legislature. *Landers* v. *Reynolds,* 92 R. I. 403, 169 A.2d 367 (1961), citing 82 C.J.S. Statutes §298 (b); *see also Lederer Realty Corp.* v. *Hopkins,* 71 A. 456 (R. I. 1908).

In some cases a supplier may be owed a very large sum and may desire that he be given prompt periodic payments on a regular basis. This could be accomplished by means of multiple notices at short periods under the provisions of chapter 12 of title 37. In other cases a supplier may be expecting few payments or only one payment for a number of small purchases which would not warrant sending multiple periodic notices for payment. In the latter situation or those similar to it, the supplier could rely on §§34-28-30 and 34-28-31. The provisions of the later sections protect the supplier against the sudden insolvency of the contractor or subcontractor while the provisions of chapter 12 of title 37 do not give such protection to the supplier. It is clear that the Legislature intended to give such protection to a supplier under the provisions of §§34-28-30 and 34-28-31.

The defendants rely on *Worthington Air Conditioning Co.* v. *Lincoln & Lane Co.,* 106 R. I. 575, 261 A.2d 853 (1970), wherein this court stated that compliance with the provisions of §37-12-1 et seq. is a prerequisite to a suit on a labor and material payment bond. The record in *Worthington,* however, indicates that although the action was brought and decided after the enactment of §§34-28-30 and 34-28-31, it does not appear that the remedy provided by these sections was raised or argued. The only question for determination by that court was whether the remedy sought by the plaintiff was under the common law or under chapter 12 of title 37. Furthermore, a reading of the bond in the *Worthington* case shows that it provided for the incorporation by reference of the

conditions set forth in the contract to which the bond related. A condition of the *Worthington* contract required the contractor to furnish a bond that conformed to the various statutory requirements. Donatelli's contract contains no such undertaking.

We are bound in construing statutes to ascertain the intent of the Legislature and to effectuate that intent whenever it is lawful and within legislative competence. *Town of Scituate* v. *O'Rourke,* 103 R. I. 499, 239 A.2d 176 (1968).

We hold that the intent of the Legislature in enacting §§34-28-30 and 34-28-31 was to provide a remedy for a supplier of labor and/or material to recover on a bond, said remedy to be in addition to the remedy provided for in chapter 12 of title 37, and that a claimant under §§34-28-30 and 34-28-31 is not required to comply with the notice provisions of chapter 12 of title 37.

The trial justice in his decision found that

> "Plaintiff did furnish to Rhode Island materials for use on its contract with Donatelli for the construction of the North Providence Senior High School Addition and these materials were used and were reasonably required for use under the contract and the amount due plaintiff from Rhode Island for those materials is Two Thousand Eight Hundred Fifty-three Dollars and fifty-nine cents ($2,853.59)."

The defendants contend that there was no evidence to sustain such a finding by the trial justice.

It is well settled that the findings of a trial justice sitting without a jury will be accorded great weight and will not be disturbed on appeal unless clearly wrong. *Sarni* v. *Meloccaro,* 113 R. I. 630, 324 A.2d 648 (1974).

By its terms the bond on which plaintiff bases its claim specifically covers materials used or reasonably required for use in the performance of the contract. There are in

evidence invoices and delivery slips for goods shipped to the subcontractor by plaintiff in an amount totaling $2,-853.59. There is also testimony from plaintiff's president that the wire found at the school site, is the type used in construction of a building, and that he verified with the job electrician that it was delivered by plaintiff to the building site.

Mr. Jason Cohen, plaintiff's employee, testified that he handled the commercial and industrial lighting for plaintiff and in the course of his employment he supervised the packing of the fixtures listed on the invoices for delivery to the job site.

Anthony Donatelli, General Manager of Donatelli Building Co., Inc., testified that the bankrupt subcontractor bought some wire from plaintiff for the job. He also testified that the amount of wire listed on the invoices was roughly 5,500 linear feet which was less than the total amount needed for the job, and that other suppliers furnished various amounts of wire.

Based on this testimony we cannot say that the trial justice was clearly wrong in finding that the material furnished by the plaintiff to the subcontractor was used and reasonably required for use in the high school addition.

The defendants' appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Adelson & Chernick, Melvin A. Chernick,* for plaintiff.

*Marcaccio & Marcaccio, Thomas L. Marcaccio, Jr.,* for defendants.