399 A.2d 1220.

GERALD B. VAUDREUIL *d/b/a* MERCURY CONSTRUCTION COMPANY *vs.* NELSON ENGINEERING AND CONSTRUCTION CO., INC. *et al.*

MARCH 30, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J.  The plaintiff, Gerald Vaudreuil (Vaudreuil), has appealed from a Superior Court order affirming the report of a special master. The special master found that the plaintiff's claim against the defendant, American Employers' Insurance Company (American), under a labor and materials payment bond, was barred because of the plaintiff's failure to comply with the one-year period of limitations contained in the bond. We affirm.

The facts are not in controversy. The defendant, Nelson Engineering and Construction Co., Inc. (Nelson), was constructing the Ann & Hope building in Warwick. On December 4, 1970, American, acting as surety, issued bonds including a bond for labor and materials. This bond contained a clause stating that any action on the bond must be commenced within one year after the principal ceased work on the project. The bond also designated Nelson as principal. On January 20, 1971, Vaudreuil, as subcontractor, entered into a construction contract with Nelson, which contract provided that Nelson would pay Vaudreuil $41,400 for labor and materials. Nelson completed working on the project in October 1971. On December 17, 1974, Vaudreuil brought this action on the bond in Superior Court, naming Nelson and American as defendants.

Pursuant to Rule 53 of the Superior Court Rules of Civil Procedure, the case was referred to a special master for findings of fact and conclusions of law. The special master found that Vaudreuil had been paid $40,626, leaving a balance due of $774 plus a claim for extras not governed by the 1971 contract. The master further granted American's motion to dismiss because of Vaudreuil's failure to bring the action within the one-year period of limitations. Accordingly, the master awarded Vaudreuil $3,495 against Nelson. Sub-

sequently, Nelson entered into receivership. In accordance with Super. R. Civ. P. 53(e). Vaudreuil filed a motion in Superior Court objecting to the portion of the master's report that dismissed the complaint against American. The trial justice affirmed the order of the special master and Vaudreuil appealed to this court.

Vaudreuil readily concedes that he commenced this action long after the one-year period had expired. He contends, however, that G.L. 1956 (1969 Reenactment) §34-28-30[1] invalidated the one-year proviso contained in the bond, and therefore this action is governed by the general six-year statute of limitations found in §9-1-13. Vaudreuil places particular emphasis upon our decision in *Providence Electric Co.* v. *Donatelli Building Co.*, 116 R.I. 340, 346, 356 A.2d 483, 486 (1976), holding that §34-28-30 abrogated the notice requirements of labor and material bonds.

When construing statutory provisions, we are bound to ascertain the intent of the Legislature and to effectuate that intent whenever it is lawful and within legislative competence. *Id.* at 346, 356 A.2d at 487; *Narragansett Racing Association* v. *Norberg*, 112 R.I. 791, 793-94, 316 A.2d 334,

---

[1]General Laws 1956 (1969 Reenactment) §34-28-30 provides:

> "If any bond be given to secure payment for work done or materials furnished on account of the construction, erection, alteration or reparation of any building, canal, turnpike, railroad or other improvement or on account of any contract between the owner or lessee or tenant of the land on which the same then is or shall be constructed, erected, altered or repaired and any other person, such bond shall enure to the benefit of any person who does not work in the construction, erection, alteration or reparation thereof, or who furnishes any materials used in the same, and such person doing such work or furnishing such materials may bring suit in his own name on such bond against any party thereto, notwithstanding the fact that no notice of intention under §34-28-4 has been mailed or filed, and, further, notwithstanding the fact that he is not a party to such bond or to such contract between such owner or lessee or tenant and such other person, and, further, *notwithstanding the fact that he did not know of or rely on such bond or give any notice to the surety on such bond,* and further, notwithstanding the fact that he did work on furnished materials for use on any subcontract, mediate or immediate, to such contract between such owner or lessee or tenant and such other person." (Emphasis added.)

335 (1974); *Town of Scituate* v. *O'Rourke,* 103 R.I. 499, 507, 239 A.2d 176, 181 (1968). When a statute is unambiguous, however, and does not contradict an evident legislative purpose, there is no room for statutory construction. *See, e.g., Reardon* v. *Hall,* 104 R.I. 591, 595, 247 A.2d 900, 902 (1968); *Kastal* v. *Hickory House, Inc.,* 95 R.I. 366, 369, 187 A.2d 262, 264 (1963). In such a situation, the import of a statute will not be extended. *See Brier Manufacturing Co.* v. *Norberg,* 119 R.I. 317, 321, 377 A.2d 345, 348 (1977); *Andreozzi* v. *D'Antuono,* 113 R.I. 155, 158, 319 A.2d 16, 18 (1974). Section 34-28-30 presents such a situation, where the Legislature has spoken unequivocally and precisely. The statute was clearly designed to remove several of the traditional impediments to recovery on a labor and material bond. Most significantly, the statute abrogates the privity and notice requirements. Section 34-28-30 makes no mention, however, of the period of limitations for commencement of a suit on such a bond. In the face of this evident, but calculated, omission, Vaudreuil asks us not to construe the statute but to redraft it. *Cf. Estate of Eglee,* 119 R.I. 786, 789, 383 A.2d 586, 588 (1978). That is a function reserved to the Legislature; had the legislators chosen to address the matter, they could have easily done so. Accordingly, we conclude that the trial justice committed no error when he held that Vaudreuil's failure to commence suit within the one-year period of limitations barred maintenance of this action against American.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Abedon & Visconti, Ltd., Thomas W. Heald,* for plaintiff.

*Rice, Dolan, Kiernan & Kershaw, John W. Kershaw* (for defendant — American Employers Insurance Company).