**ATLANTIC STATES CAST IRON PIPE CO.**

v.

**FORTE BROTHERS, INC., et al.**

**No. 81–468–Appeal.**

Supreme Court of Rhode Island.

May 10, 1984.

Richard P. McMahon/William F. McMahon, Providence, for plaintiff.

Denise M. Auger, Cumberland, for defendants.

## OPINION

SHEA, Justice.

This matter is before the court on the defendants' appeal from the Superior Court order granting the plaintiff's motion for summary judgment and denying the defendants' motion to dismiss. The sole issue in this appeal is whether the notice provision prescribed in G.L.1956 (1977 Reenactment) § 37–12–2 was required or whether compliance with G.L.1956 (1969 Reenactment) §§ 34–28–30 and –31 sufficed. The trial justice found that compliance with §§ 34–28–30 and –31 was sufficient. We affirm.

In March 1979 defendant Forte Brothers, Inc. (Forte), as general contractor, entered into a contract with the State of Rhode Island for the performance of sewer-construction work in the city of Pawtucket. On or about the same date, Forte entered into a contract bond with defendant Hartford Accident and Indemnity Co. (Hartford). A condition of that bond was that the general contractor would pay for all materials furnished in connection with the work regardless of whether they were furnished directly to the contractor. Between April 3, 1979, and July 25, 1979, plaintiff furnished pipes to Bomar Construction Co., Inc., (Bomar), a subcontractor on the project, in the amount of $22,957.57. The plaintiff was never paid for the pipes. On October 23, 1979, plaintiff notified Hartford, Bomar, and the state by certified mail that it had not been paid. There is no evidence that Forte received notice at this time.

Forte claims that because it did not receive notice of plaintiff's claim by certified mail as required by § 37–12–2, it is not liable to plaintiff. The plaintiff claims that it is not required to comply with the notice provisions of § 37–12–2 because its remedy is provided for by §§ 34–28–30 and –31 which do not require notice.

This issue is settled by this court's holding in *Providence Electric Co. v. Donatelli Building Co.*, 116 R.I. 340, 356 A.2d 483 (1976), where it said that

> "the intent of the Legislature in enacting §§ 34–28–30 and 34–28–31 was to provide a remedy for a supplier of labor and/or material to recover on a bond, said remedy to be in addition to the remedy provided for in chapter 12 of title 37, and that *a claimant under §§ 34–28–30 and 34–28–31 is not required to comply with the notice provisions of chapter 12 of title 37.*" (Emphasis added.) *Id.* at 346, 356 A.2d at 486.

The plaintiff is entitled to recover under §§ 34–28–30 and –31 and therefore chapter 12 of title 37 is inapplicable. The inclusion of reference to § 37–12–2 contained in the contract and bond does not negate the application of the remedy to the plaintiff under §§ 34–28–30 and –31. As the trial justice found, the language of the contract does not "purport to negate the provisions of § 34–28–31 which *Providence Electric* held to be a supplemental remedy." As there was no question of fact involved, the plaintiff's motion for summary judgment was properly granted.[1]

For the reasons stated, the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court for further proceedings.

---

1. The defendants assert that its liability is limited to the value of goods delivered within ninety days of notice to defendants according to the provisions of G.L.1956 (1977 Reenactment) § 37–12–2. This argument is without merit because the recovery by plaintiff is controlled by G.L.1956 (1969 Reenactment) §§ 34–28–30 and –31.