May 18, 2026

**Supreme Court**

No. 2025-46-Appeal.
(KC 23-407)

Frank Diaz et al.               :

            v.                  :

Select Portfolio Servicing et al.       :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Frank Diaz et al.                              :

                      v.                        :

Select Portfolio Servicing et al.             :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiffs, Frank Diaz and Shari Lemoi, appeal from a February 14, 2025 final judgment of the Superior Court in favor of the defendants, Select Portfolio Servicing (SPS) and Deutsche Bank National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2006-5 (Deutsche Bank).[1]  The plaintiffs contend that the hearing justice erred in granting the defendants' motion for summary judgment.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the written and oral submissions of the parties

---

[1]    The record is somewhat unclear as to the correct names of the defendants Select Portfolio Servicing and Deutsche Bank.  For the sake of consistency, we utilize the names that appear in the complaint.

and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the final judgment of the Superior Court.

# I

## Facts and Travel

This case arose out of foreclosure proceedings that were instituted with respect to property located at 26 Granite Street in West Warwick, Rhode Island (the property).

The property was conveyed to plaintiffs on April 27, 2006; and, on the same day, they executed a $214,656 promissory note and mortgage in favor of Long Beach Mortgage Company.[2] Several years later, plaintiffs defaulted on the April 27, 2006 promissory note and mortgage by failing to tender the contractual payment due on July 1, 2022. On August 22, 2022, pursuant to paragraph 22 of plaintiffs' mortgage, SPS sent plaintiffs by certified mail a notice of default as well as information about the right to cure the default.

In due course, SPS engaged Harmon Law Offices (Harmon) to undertake the steps needed to conduct a foreclosure of the mortgage based on the default that had

---

[2] Select Portfolio Servicing (SPS) became the mortgage servicer. On June 19, 2013, the mortgage was assigned to defendant Deutsche Bank.

been noticed on August 22, 2022.  On February 16, 2023, Harmon sent a notice of acceleration, which contained the following pertinent language: "Even though the note has been accelerated, you may still have the right to reinstate the loan."  On April 26, 2023, a foreclosure sale of the property was conducted.

On May 25, 2023, plaintiffs filed the instant action in the Superior Court alleging "wrongful foreclosure of the subject property due to breach of contract and breach of condition precedent to foreclosure."  The complaint, citing *Woel v. Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17*, 228 A.3d 339 (R.I. 2020), alleged that the notice of acceleration sent by Harmon "'significantly, and inexcusably, differed from, watered down, and overshadowed the notice that was contractually and legally required' by paragraph 22 of the Plaintiffs' Mortgage which required that the Plaintiffs be notified of his [*sic*] unequivocal right to reinstate the Mortgage after acceleration."  The complaint asserted that defendants had "failed to provide the Plaintiffs proper Notice of Default/Acceleration in breach of the Mortgage contract for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, notice of foreclosure, and sale void."

The plaintiffs sought a declaratory judgment to the effect that "the acceleration, foreclosure, and mortgagee's foreclosure sale are in breach of the mortgage contract and in breach of condition precedents to foreclosure by failing to

properly send notices of acceleration and default * * *." The complaint further alleged that plaintiffs had "suffered harm" and that they were "entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law." In due course, defendants filed an answer to the complaint, in which they raised several affirmative defenses.

On May 31, 2024, defendants filed a motion for summary judgment with an accompanying affidavit sworn to by one Patrick Pittman, SPS's document control officer. In their memorandum in support of summary judgment, defendants stated: "The Trust informed [plaintiffs] of reinstatement rights in the unambiguous notice sent by certified mail on August 22, 2022 * * *." The defendants further stated: "The Trust not only advised [plaintiffs] of the right to reinstate in strict compliance with Paragraph 22 of the Mortgage, but also waived any limitations on when [plaintiffs] could exercise reinstatement rights prior to a foreclosure sale." Accordingly, defendants argued that plaintiffs' declaratory relief claim failed as a matter of law.

On June 20, 2024, plaintiffs objected to the motion for summary judgment and filed a memorandum in support of their objection. In their memorandum, plaintiffs argued that genuine issues of material fact remained which, as a matter of law, could not be decided in favor of defendants. Additionally, plaintiffs articulated

their contention that the notice of default failed to strictly comply with the notice requirements of paragraph 22. The plaintiffs contended that the notice of default "is invalid and void because it was sent after the Mortgage was already accelerated on February 16, 2021[3] and failed to comply with Paragraph 22's requirement that the notice be sent prior to acceleration." (Internal quotation marks omitted.)

In their memorandum, plaintiffs further stated:

> "Contrary to paragraph 22(c) and (d) which require a specific date not less than 30 days from the date the notice is 'given', the Notice falsely states that 'You have thirty (30) days from the date of this notice to pay the Amount required to Cure. This Cure Date is September 24, 2022'. Plaintiffs set forth that the Notice is dated 'August 22, 2022' and that 'thirty (30) days from August 22, 2022' was September 21, 2022 rather than September 24, 2022. Therefore, the Plaintiffs could be falsely led to believe from the inaccurate statement that the 'You have thirty (30) days from the date of this notice to pay the Amount required to Cure' that their right to cure expired 3 days prior to September 24, 2022." (Brackets omitted.)

Finally, plaintiffs argued that because the notice of acceleration used the word "may," it "creates inaccuracy and potential deception as to an unequivocal right required to be notified strictly [and] 'overshadows' and negates strict compliance

---

[3]     We note that, in their memorandum in support of their opposition to summary judgment, plaintiffs stated that the notice of acceleration was dated February 16, 2021, and they have referred to that date in presenting their arguments. However, our review of the record has determined that the notice of acceleration was actually dated February 16, 2023.

with the Mortgage and should likewise void the acceleration and any subsequent foreclosure."

On October 28, 2024, a hearing was held in the Superior Court with respect to defendants' motion for summary judgment, at the conclusion of which the hearing justice found that "there [were] no genuine issues of material fact" and granted defendants' motion for summary judgment. The hearing justice stated:

> "It's undisputed that the plaintiffs defaulted under the mortgage. * * * The [August 22, 2022] notice complied with the mortgage requirements regarding notice and acceleration. The fact that the notice gave 33 days instead of 30 days in which to cure does not invalidate the notice."

On December 11, 2024, an order reflecting the hearing justice's decision was entered. On December 30, 2024, plaintiffs filed a premature[4] but valid notice of appeal.

## II

## Issues on Appeal

On appeal, plaintiffs contend that the hearing justice erred in granting the motion for summary judgment because he "ignored Paragraph 22 (c) and (d) of the Mortgage's requirement that a single date to cure the default be 'specified' in strict compliance with [the notice requirements of paragraph 22]" and because he "failed to mention or analyze whether or not the [notice of acceleration] negated strict

---

[4]     On February 14, 2025, final judgment was entered in favor of defendants.

compliance with Paragraph 22 of the Mortgage's requirement that the [plaintiffs] be notified unequivocally of their right to reinstate after acceleration."

## III

## Standard of Review

It is a basic principle that we review "the granting of a motion for summary judgment on a *de novo* basis." *Burt v. Furtado*, 292 A.3d 640, 649 (R.I. 2023) (quoting *Air Distribution Corp. v. Airpro Mechanical Company, Inc.*, 973 A.2d 537, 540 (R.I. 2009)). In doing so, "this Court employs the same standards as were used by the hearing justice." *Id.* (quoting *Air Distribution Corp.*, 973 A.2d at 540). In addition, we have stated that "the party opposing a summary-judgment motion has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* at 650 (quoting *Credit Union Central Falls v. Groff*, 966 A.2d 1262, 1267 (R.I. 2009)). We "will affirm a hearing justice's grant of summary judgment if we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Narragansett Electric Company v. Saccoccio*, 43 A.3d 40, 44 (R.I. 2012) (internal quotation marks omitted).

# IV

## Analysis

### A

### The Notice of Default

The plaintiffs contend that the notice of default implied that there were "two possible dates by which the default may be cured rather than a 'specified' date pursuant to Paragraph 22(a) and (b) of the Mortgage * * *." The plaintiffs assert that the September 24, 2022 cure date was "a definite inaccuracy that may potentially cause confusion if the borrowers were to read [those] words literally and consequently question or hesitate in exercising their right to cure." The defendants, for their part, argue that the hearing justice "correctly ruled that the operative default and right to cure notice dated August 22, [2022] sent to and received by [plaintiffs] to commence the * * * foreclosure strictly complied with Paragraph 22 of the mortgage."

This Court has held that strict compliance with the notice requirements "contained in paragraph 22 is a condition precedent to acceleration and a valid foreclosure sale." *Woel*, 228 A.3d at 345. We have stated that such strict compliance "is essential to ensuring that mortgagors are fully informed of their rights and will not be misled by a default notice provided by a mortgagee." *Id.* at 346. In

determining whether a notice of default complies with paragraph 22, "[w]e look to the content of the default notice itself * * *." *Id.* at 347.

In *Woel*, this Court deemed to be void the foreclosure sale at issue in that case because the notice of default failed to notify the mortgagor of the right to reinstate after acceleration, thereby failing to abide by the underlying mortgage contract. *Woel*, 228 A.3d at 347-48. The notice of default at issue in *Woel* was deficient because it conflated two separate and distinct rights—the right to cure the default and the right to reinstate the mortgage. *Id.* at 346 (stating that the notice of default at issue was "misleading, inaccurate, and, at best, incomplete" because the two rights are "not synonyms" and therefore both had to be included in the notice of default to satisfy strict compliance); *see Degasparre v. Fay Servicing, LLC*, 288 A.3d 146, 154 (R.I. 2023) (holding that "there is no indication that the default notice misinformed or misled plaintiff as to any of his rights in advance of foreclosure"). The notice of default at issue in the instant case was not similarly flawed.

We agree with the hearing justice that the notice of default at issue complied with the requirements of paragraph 22 of the mortgage. That paragraph requires the lender to "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement * * *." Said paragraph lists the following items which must be included in the notice of default:

> "(a) the [fact of] default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the

notice is given to Borrower, by which the default must be cured; and (d) [the fact] that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property."

Paragraph 22 additionally provides that the notice of default must "inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Paragraph 22 further states that, if the borrower does not cure the default by the date specified in the notice of default, the lender "may require immediate payment in full * * * without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law."

In our judgment, the notice of default at issue in this case conformed with the notice requirements of paragraph 22, and it is further our view that the information about the date to cure the default was not misleading. *See Woel*, 228 A.3d at 346; *see also Degasparre*, 288 A.3d at 154. The August 22, 2022 notice of default informed plaintiffs that they were in default and indicated that, in order to cure that default, they needed to pay the "Amount Required to Cure" by September 24, 2022. The notice of default further stated that "[f]ailure to cure the default on or before September 24, 2022 may result in acceleration of the sums secured * * * and sale of the property * * *." (Emphasis omitted.) The plaintiffs were further informed that they had the right to reinstate the mortgage after acceleration and that SPS was

- 10 -

waiving any limitations that might exist with respect to when plaintiffs could reinstate the account prior to a foreclosure sale. Finally, the notice of default informed plaintiffs of their "right to bring a court action to assert the non-existence of a default or any other defense * * *."

We are unpersuaded by plaintiffs' contention that the notice of default at issue "may potentially cause confusion" if it were to be read literally. In evaluating the sufficiency of the notice of default, "[w]e look to the content of the default notice itself, not the particular facts related to the mortgagor." *Woel*, 228 A.3d at 347. The notice of default, when read in its entirety, clearly indicates in bold font (in multiple places) that the cure date was September 24, 2022. In our judgment, the fact that the notice of default contained a cure date that was thirty-three (rather than thirty) days after the date of the default notice itself is immaterial. In our view, a reasonable borrower would not have been misled as to the date to cure the default. *See Degasparre*, 288 A.3d at 154. Accordingly, we perceive no error in the hearing justice's determination that the notice of default complied with the notice requirements of paragraph 22.

**B**

**The Notice of Acceleration**

The plaintiffs further contend that language contained in the notice of acceleration "create[d] inaccuracy and potential deception" with respect to the right

to reinstate after acceleration.  The plaintiffs take issue with the following language in the notice of acceleration: "Even though the note has been accelerated, you may still have the right to reinstate the loan."  Citing the Massachusetts case of *Federal National Mortgage Association v. Marroquin*, 74 N.E.3d 592 (Mass. 2017), plaintiffs assert that "the fact that the [defendants] previously notified the [plaintiffs] of this right in a prior notice was negated and '*overshadowed*' by the subsequent notice that inaccurately and deceptively implied that the right to reinstate 'may' or 'may not' exist." (Emphasis in original.)  We are not persuaded by plaintiffs' contention in this regard.

In the *Marroquin* case, the Supreme Judicial Court reviewed a mortgagee's notice of default that failed to comply with the notice requirements of the mortgage. *Marroquin*, 74 N.E.3d at 594, 597-99.  That court held, *inter alia*, that a notice of default which failed to adequately inform the mortgagor of the right to reinstate after acceleration fell short of the notice requirements set forth in paragraph 22, and it further held that the subsequent foreclosure on the subject property was thus void. *Id.* at 598-99.  In *Woel*, we cited with approval the holding in *Marroquin* and held that strict compliance with respect to the notice requirements in a mortgage is a condition precedent to a valid foreclosure. *See Woel*, 228 A.3d at 347-48.  The instant case, by contrast, presents us with a quite different issue.  The plaintiffs assert that notification of their right to reinstate was "'*overshadowed*' by the inaccuracy

- 12 -

and potential confusion" contained in the notice of acceleration. (Emphasis in original.) However, the notice of acceleration was not subject to the same standard of strict compliance as pertains to the notice requirements of paragraph 22. *Woel* speaks only to the lender's obligation of strict compliance with paragraph 22 as it relates to the notice of default, and not to a subsequent communication from the lender. *See Woel*, 228 A.3d at 347-48. It is our view that nothing that plaintiffs have cited is authoritatively supportive of plaintiffs' argument concerning the language in the notice of acceleration.

As we have already discussed, we are convinced that the notice of default complied with the notice requirements of paragraph 22. The notice of default unequivocally informed the mortgagors of their right to reinstate after acceleration. There is nothing in paragraph 22 that requires the mortgagee to reiterate that right in a subsequent notice of acceleration. *See Serenska v. Wells Fargo Bank, N.A.*, 307 A.3d 1275, 1282 (R.I. 2024) (holding that it was unnecessary for the mortgagee to notify the mortgagor of the deadline to reinstate the mortgage because the "notice of default that was sent to plaintiff specifically included the notice of his right to reinstate the mortgage, as is required by paragraph 22"). There is no indication in the record that the notice of acceleration materially misled plaintiffs as to any of their rights in advance of foreclosure. *See Degasparre*, 288 A.3d at 154. We are not

persuaded by plaintiffs' argument that the language in the notice of acceleration somehow "negated strict compliance with Paragraph 22 * * *."

Having reviewed the uncontested facts in the record in light of the pertinent principles of law, we perceive no error in the hearing justice's grant of summary judgment.

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

Justice Goldberg participated in the decision, but she retired prior to its publication.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Frank Diaz et al. v. Select Portfolio Servicing et al. |
| **Case Number** | No. 2025-46-Appeal. (KC 23-407) |
| **Date Opinion Filed** | May 18, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiffs: Todd S. Dion, Esq. |
| | For Defendants: Peter F. Carr, II, Esq. |